**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL EDWARD SHARPE,  :  | **Hon. Noel L. Hillman** |
| : | Civil No. 11-2355 (NLH) |
| Petitioner,  : |  |
| : | **O P I N I O N** |
| v.  : |  |
| : |  |
| J.T. SHARTLE,  : |  |
| : |  |
| Respondents.  : |  |

**APPEARANCES:**

    MICHAEL EDWARD SHARPE, #56981-066
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**HILLMAN, District Judge**

    Michael Edward Sharpe, a prisoner confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a federal sentence imposed by judgment in a criminal case filed June 15, 2005, in the United States District Court for the Eastern District of Pennsylvania. For the reasons set forth below, this Court will dismiss the Petition for lack of jurisdiction.

I.   BACKGROUND

On January 21, 2003, a federal grand jury sitting in the Eastern District of Pennsylvania returned a superseding indictment charging Petitioner with five counts, including assault on a federal employee in violation of 18 U.S.C. §§ 111 and 1114 (Count Five).  (Docket Entry #1, p. 18).  See United States v. Sharpe, Crim. No. 02-0771 (TJS)-1 superseding indictment (E.D. Pa. Jan. 21, 2003).  On June 30, 2004, the parties filed a plea agreement whereby Petitioner pled guilty to counts four (possession of a firearm by a convicted felon) and five (assault on a federal officer) of the superseding indictment, and count one of the information (carrying a firearm during a crime of violence).  (Docket Entry #1, pp. 20, 27.)  On June 15, 2005, Judge Timothy J. Savage sentenced Petitioner to imprisonment for 60 months on count four and a consecutive 24 months on count five.  Id., pp. 34-39.  However, the written judgment mistakenly states that Petitioner pled guilty to assault on a federal employee in violation of 18 U.S.C. §§ 111 and 114,[1]

---

[1] Section 114 of Title 18 provides:

> Whoever, within the special maritime and territorial jurisdiction of the United States, and with intent to torture (as defined in section 2340), maim, or disfigure, cuts, bites, or slits the nose, ear, or lip, or cuts out or disables the tongue, or puts out or destroys an eye, or cuts off or disables a limb or any member of another

(continued...)

instead of §§ 111 and 1114.[2]  Id., p. 34; Sharpe, Crim. No. 02-0771 (TJS)-1 judgment (E.D. Pa. June 15, 2005).

On April 30, 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which Judge Savage denied on November 2, 2007.  See Sharpe, Crim No. 02-0771 (TJS)-1 mem. opinion & order (E.D. Pa. Nov. 2, 2007).  The Third Circuit denied a certificate of appealability.  See Sharpe, docket entry #79.  Petitioner filed a motion for correction or modification of the record, arguing that he was actually innocent of assault on a

---

[1](...continued)
> person; or Whoever, within the special maritime and territorial jurisdiction of the United States, and with like intent, throws or pours upon another person, any scalding water, corrosive acid, or caustic substance-Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 114.

[2] Section 1114 of Title 18 provides:

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished . . .

18 U.S.C. § 1114.

federal officer, which Judge Savage denied on December 2, 2010. Id., docket entry #89.

On April 26, 2011, Petitioner filed the § 2241 Petition presently before this Court.  Petitioner asks this Court to withdraw the plea agreement and vacate the judgment finding him guilty of 18 U.S.C. § 111 and 114 on the following grounds:  (1) because he is actually innocent of violating 18 U.S.C. § 114 and relief under § 2255 is no longer available, § 2255 is inadequate and ineffective for his actual innocence claim; (2) his guilty plea violates Rule 11 because he was never advised that he was pleading guilty to 18 U.S.C. § 114 and understood he was charged with and was pleading guilty to 18 U.S.C. § 1114; (3) counsel was ineffective in failing to investigate and accurately advise Petitioner what he was pleading guilty to; (4) the conviction and sentence violate due process.  (Docket Entry #1, pp. 8-10.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

4

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[3]  See 28 U.S.C. § 2255(e).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per

---

[3] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[4] The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.

---

[4] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

6

While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

Dorsainvil at 251 (emphasis added).[5]

Here, Petitioner's challenges to his sentence are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective.  Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his conviction, the conduct for which he was convicted

---

[5] Several courts of appeals have adopted similar tests.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

(assaulting a federal officer) is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita querela); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's challenges to his sentence and conviction, this Court lacks jurisdiction to entertain the Petition under § 2241 and will dismiss the Petition for lack of jurisdiction.[6]

---

[6] It appears to this Court as Petitioner may be able to file a motion in the sentencing court to correct a clerical error in the judgment under Rule 36 of the Rules of Criminal Procedure on the ground that the citation to 18 U.S.C. § 114, instead of 18
(continued...)

### III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                              /s/ Noel L. Hillman
                                            **NOEL L. HILLMAN, U.S.D.J.**


Dated:  April 29, 2011

At Camden, New Jersey

---

[6](...continued)
U.S.C. § 1114, was a clerical error. <u>See</u> Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission"); <u>United States v. Barnes</u>, 313 F. 2d 325, 327-28 (6th Cir. 1963) (the insertion in the judgment of conviction of 26 U.S.C. § 7206(a) for 7206(2) was a clerical error, which can be corrected by the sentencing court at any time under Rule 36 of the Rules of Criminal Procedure).